# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Criminal Action No. 6:04-cr-5 (HL) |
| **JOHNNY REVELS,** | : | |
| | : | |
| Defendant. | : | |

_____

## **ORDER**

Althea Buafo, counsel for Defendant Johnny Revels, has filed a Motion to Withdraw as Appellate Counsel [doc 91]. In the Motion, Ms. Buafo requests that she be permitted to withdraw as counsel for Defendant Revels because he has informed her that he intends to make ineffective assistance of counsel claims on appeal. Ms. Buafo acknowledges that the rules of this Court generally require that an attorney who is retained at the trial level remain as attorney for the defendant on appeal. *See* Local Crim. R. 57. Ms. Buafo asserts, however, that she cannot continue to represent Defendant Revels on appeal because of the allegations of ineffective assistance of counsel.

The general rule in the Eleventh Circuit is that claims of ineffective assistance of counsel are not considered on direct appeal. *See, e.g.,* United States v. Camacho, 40 F.3d 349, 355 (11th Cir. 1994). The primary reason offered for the rule is that the record regarding the merits of ineffective assistance claims is generally insufficient to allow the appellate court to address them. Id. Only if the merits of the ineffective assistance claim are fully apparent on the existing

record will the appellate court consider such claims on direct review. United States v. Gholston, 932 F.2d 904, 905 (11th Cir. 1991). The usual practice is for such claims to be raised in a motion brought pursuant to 28 U.S.C.A. § 2255. Id. at 906. *See also* Camacho, 40 F.3d at 355.

In view of the general rules of this Circuit, it appears unlikely that Defendant Revels will be allowed to raise his claims of ineffective assistance of counsel on direct appeal. It thus appears to the Court that it would be inefficient to remove the attorney most familiar with the case, and therefore in the best position to handle the appeal, on the basis of allegations that most likely will not be considered by the appellate court. The Court does note, however, that Ms. Buafo was privately retained by Defendant Revels. Thus, if Defendant Revels wishes to bear the cost of retaining a new attorney to represent him, he will be allowed to do so. However, the Court will not allow Ms. Buafo to withdraw until such time as the new attorney files an entry of appearance.

In accordance with the foregoing, therefore, the Motion to Withdraw as Appellate Counsel is hereby denied. If, however, new retained counsel should file an entry of appearance on behalf of Defendant Revels, then Ms. Buafo will be allowed to withdraw.

**SO ORDERED**, this the 8th day of August, 2005.

                                               s/   Hugh Lawson
                                               **HUGH LAWSON, JUDGE**

mls