**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | | |
|---|---|---|
| JOHNNIE REVELS, | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 6:07-CV-90021 HL<br>28 U.S.C. § 2255<br>CASE NO. 6:04-CR-005 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Revels was indicted in this Court on April 29, 2004, and charged in Count One of a Three Count Indictment with Possession of Cocaine Base With Intent to Distribute in conjunction with others in violation of 21 U. S. C. § 846 i/c/w 21 U. S. C. § 841(a)(1) and 841(b)(1)(B)(iii) and 18 U. S. C. § 2. (D-1). On April 13, 2005, Petitioner Revels entered into a Plea Agreement with the Government and pleaded guilty to Count One as charged in the Indictment. (D-77, 78).

On July 21, 2005, the District Court sentenced Revels to a term of 120 imprisonment, to be followed by a term of 5 years supervised release. (D-90). The sentence was mistakenly entered on the Docket of the case, as "Judgment as to Johnnie Revels (1), Count(s) 1, 120 MONTHS IMPRISONMENT; 5 years imprisonment ..." The District Court corrected the scrivener's error on August 9, 2005, by Amended Judgment In A Criminal Case, and adjudicated Petitioner Revels guilty of violations of 21 U. S. C. § 846 i/c/w, 21 U. S. C. § 841(a)(1) and 841(b)(1)(A)(iii) for "Conspiracy to Possess With Intent to Distribute More Than 50 Grams of Crack Cocaine and re-sentenced Revels to 120 months imprisonment. (D-95).

Petitioner Revels appealed his Conviction and Sentence to The United States Court of Appeals for the Eleventh Circuit which affirmed the same on December 28, 2006 (D-122), stating as

follows:

> Under the written Plea Agreement, Revels waived any *Apprendi* or *Booker* objections and acknowledged that he was subject to a mandatory minimum sentence of 10 years, and the government stipulated that the drug quantity attributable to Revels was between 35 and 50 grams of cocaine base. ... The advisory Guideline range was 121 to 150 months, and the sentencing judge imposed the mandatory minimum sentence of 10 years.

*Id.* at 2. The Court stated further:

> Revels argues that, because the government stipulated to a drug quantity of 35 to 50 grams, the mandatory minimum sentence should have been 5 years. *See* 21 U. S. C. § 841(b)(1)(B)(iii). The mandatory minimum sentence for possession with intent to distribute 50 grams **or** more of cocaine base, the offense to which Revels pleaded guilty, is 10 years. *Id.* § 841(b)(1)(A)(iii). (emphasis added)

*Id.* at 2, 3.

Petitioner Revels claims in his Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 that he was "denied effective assistance of counsel at several separate critical stages of the proceedings; the combined effect violating Petitioner's Sixth Amendment Constitutional Rights." (D-127A at 8). After the presentation of a lengthy hornbook on the law of ineffective assistance in all phases of criminal representation, Petitioner Revels specified that:

> Counsel failed to properly calculate defendant's statutory mandatory minimum. .... The defendant was always responsible for more than 35 grams and *less* than 50 grams. The PreSentence Report (PSR) states:
>
>> [H]owever, all parties agree that for calculating relevant conduct under the guidelines, the defendant will be held accountable for an amount of cocaine base ("Crack") that is greater than 35 grams and *less* than 50 grams." PSR, ¶ 5.

Petitioner Revels will not acknowledge that the PSI was in error and that the PSI is not

binding evidence on the Court, at any rate.  Revels persists in contending that there was confusion as to the proper statutory mandatory minimum sentence he faced.  Only now does Revels contend that the government stipulated to the quantity of **"less"** than 50 grams of cocaine base. His Plea Agreement, at Section (3)(A) and (B), (D-77 at 2, 3), contradicts that contention, stating:

> The defendant is guilty and will knowingly an voluntarily enter a plea of guilty to Count One of the indictment which charges defendant with Conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of Title 21, U. S. C. § 841(a)(1) and 841(b)(1)(A)(iii) Title 18, U. S. C. § 2.
> The defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject him to a mandatory minimum of ten (10) years up to a maximum of life imprisonment, ...

Section (8) of the Plea Agreement, *Id.* at 9, provides:

> The government stipulates that the total quantity of controlled substances attributable to Johnnie Revels is not less than 35 grams and **not more than 50 grams** of cocaine base. (emphasis added)

No where in Defendant's Plea Agreement is there an attribution of *less than 50 grams* of cocaine base mentioned.  The Indictment itself (D-1) in Count One charges that Johnnie Revels and others:

> [D]id unlawfully and willfully conspire with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, to-wit: more than 50 grams of a mixture and substance containing a detectable amount of cocaine base, also known as "crack" cocaine; all in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(iii) Title 18, U. S. C. § 2.

Plainly 21 U. S. C. § 841(b)(1)(A)(iii) provides the penalty of a mandatory minimum sentence of 10 years for the possession with intent to distribute **"50 grams or more"** of cocaine base.  The Transcript of his Plea Hearing on April 13, 2005 (D-112) also shows that there was no such

3

confusion. After oath was administered, the Court put the following questions to Petitioner Revels:

> COURT: Mr. Revels, you've just taken an oath to tell the truth in this proceeding. ... In this case the grand jury has returned an indictment against you and some others. Count One of this Indictment charges that on or about – – from on or about January 16, 2003, the exact date being unknown to the grand jury and continuing on – excuse me – and continuing on or about February 9, 2004, both dates being approximate and inclusive, in the Thomasville Division of the Middle District of Georgia and elsewhere within the jurisdiction of the court, you ... did unlawfully and willfully conspire with each other and with other persons both known and unknown to the grand jury to knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, to wit, more than 50 grams of a mixture and substance containing, a detectable amount of cocaine base, also known as crack cocaine, all in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii), and Title 18 , United States Code, Section 2. Do you understand this charge?
>
> DEFENDANT: Yes, sir.
>
> COURT: This charge is a felony and carries a range of sentence of what, Mr. Dennard?
>
> DENNARD: A minimum of 10 years, Your Honor, up to maximum of life imprisonment...
>
> COURT: Mr. Revels, do you understand the range of sentence that is possible in this case?
>
> DEFENDANT: Yes, sir.

*Id.* at 2, 3. The Court inquired whether Revels had discussed the possible penalties with his lawyer and Revels answered that he had. The Court then asked Petitioner Revels, "How do you plead, Mr. Revels; guilty or not guilty," to which Petitioner answered, "Guilty." *Id.* at 4, 5. The Court went on to ask Revels if he was pleading guilty because he was, in fact, guilty, and Revels affirmed that he did, in fact, commit the offense charged in Count One of the Indictment as read by the Court to him. *Id.* at 8, 9. The Court then asked the Government's Attorney – the same one who petitioner contends stipulated that he would be held accountable to *less* than 50 grams of cocaine base, "Mr. Dennard,

4

is there a plea agreement?"  Mr. Dennard answered that there was and read the relevant part of the Plea Agreement, as follows:

> The government stipulates the total quantity of controlled substance attributable to Johnny Revels is not less than 35 grams and **not more than 50 grams** of cocaine base.  (emphasis added)

*Id.* at 10.   The following colloquy immediately occurred between the Court and Petitioner Levels:

> COURT: Mr. Revels, did you understand that which Mr. Dennard just read?
>
> DEFENDANT: Yes, sir.
>
> COURT: Do you agree with what he read?
>
> DEFENDANT: Yes. Sir.
>
> COURT: Is what he read true and accurate and factual?
>
> DEFENDANT: Yes, sir.
>
> COURT: Does it truly describe what took place in this case?
>
> DEFENDANT: Yes, sir.
>
> COURT: Does it truly describe your conduct in this case?
>
> DEFENDANT: Yes, sir.

*Id.*   In his Motion To Vacate, Petitioner Revels initial claim of ineffective assistance of counsel is the result of his own misunderstanding and misinterpretation of the statute mandating a minimum sentence of 10 years for the offense to which he pleaded guilty.   Revels refuses to acknowledge that the Court did not enhance his sentence based upon any guideline consideration.  The Court clearly indicated that it was going to follow the statutory penalty prescribed by 21 U. S. C. § 841(b)(1)(A)(iii), when it stated, "Well, there is a 10 year minimum mandatory ... and the Court is

going to adopt the minimum mandatory." (D-113 at 12). For that reason, the Assistant U.S. Attorney's Section 851 Motion was never relevant to the Court's statutory sentence, despite Petitioner's frivolous contention that it bound the court to a 5 year maximum sentence under 21 U. S. C. § 841(b)(1)(**B**)(iii), a completely inapplicable penalty statute.

In his Memorandum (D-127 at actual page 16), Petitioner Revels complains that his Attorney never raised the issue that Petitioner's sentence range should have been determined by 21 U. S. C. § 241(b)(1)(B)(iii), which would have resulted in a range of 5 to 40 years. Petitioner's ineffectiveness claim states:

> It is pure speculation as to what defendant's sentence would have been if this court knew there was only a five year minimum and the fact defendant counsel agreed that a ten year minimum existed was conduct below any reasonable standard for evaluating attorney's performance.

*Id.* at 16, 17. The record has shown that that section never applied to Petitioner's offense. Petitioner Revels simply refuses to admit that he was indicted under the 10 year mandatory minimum statute, 21 U. S. C. § 841(a)(1)(A)(iii), that he pleaded guilty to that charge in the indictment, and that he agreed with the court that the mandatory 10 year minimum sentence applied in his case. *See* D-112 at 2-5. His attorney cannot be faulted for knowing better than to argue a legally and factually untenable position. Revels ineffective assistance of counsel claim here is frivolous.

Petitioner criticizes his Counsel's candor with the Appellate Court regarding his prior sentences. To have done otherwise would have been intentionally misleading the Court and possibly ending Counsel's career. Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984). Moreover, this issue was addressed in the decision of the United States Court of Appeals for the Eleventh Circuit, when it

ruled:

> In addition, Revels was subject to a 10-year mandatory minimum sentence for possessing with intent to distribute more than 5 grams of cocaine base after a prior conviction for a felony drug offense. *Id.* § 841(b)(1)(B).

(D-122 at 4).   There is no merit in Petitioner's claim.

Petitioner complains that his sentence was not fully complied with under 18 U. S. C. § 3553(a) and the Supreme Court's holdings in *Blakey v. Washington* and *Booker*.  First, the United States Court of Appeals for the Eleventh Circuit found that Petitioner's Plea Agreement contained an enforceable waiver of appeal, and that waiver included the following:

> Defendant knowingly and voluntarily waives any further objections that Defendant may have based on *Booker, Apprendi v. New Jersey,* 530 U.S. 466 (2000), and their progeny.

(D-77 at 2).   Likewise, the District Court made reference to having considered the provisions of 18 U. S. C. § 3553(a). (D-113 at 14). Moreover, the Transcript of Petitioner's sentencing hearing demonstrates that Petitioner's Attorney addressed more than adequately the factors of § 3553(a) to the extent that the court commended her for her efforts.  (D-113 at 9-11).   Petitioner's ineffective assistance of counsel claim fails to show that had Counsel's acted differently, Petitioner's case would have resulted differently.   *See Strickland*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984).

The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 386 (1994):

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner         must   "show   that   there   is a reasonable

7

>probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694..... When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). ... Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one.

Petitioner Revels makes a Fifth Amendment claim, contending that the prosecutor was required to prove beyond a reasonable doubt every element of the crime with which a defendant is charged. (D-127 at 23). Petitioner relies on several trial authorities including *Apprendi, Booker,* and their progeny, all of which he has waived. Additionally, Petitioner's entered a guilty plea to the crime with which he was charged. "Pleading guilty necessarily admits the commission of the crime. (*See United States v. Brocce,* 488 U.S. 563. 570, 109 S.Ct. 757, 762 (1989)). A Petitioner's guilty plea waives all non-jurisdictional defects in the proceedings that do not relate to the taking of the plea. *United States v. Viscome,* 144 F.3d 1365, 1370 (11th Cir. 1998), *cert. denied,* 525 U.S. 941 (1998); *United States v. Pierre,* 120 F.3d 1153, 1155 (11th Cir. 1997); *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992). In *United States v. Tomeny,* 144 F.3d 749, 751 (11th Cir. 1998), the Court held, "Whether a claim is 'jurisdictional' depends on whether the claim can be resolved by examining the face of the indictment or the record at the time of the plea without requiring other proceedings." The Court has also held: "By virtue of his knowing and voluntary guilty plea, (defendant) waived the right to appeal all other nonjurisdictional challenges to his conviction that

arose prior to his plea." *United States v. Cunningham,* 161 F.3d 1343, 1344 (11th Cir. 1998).

Petitioner's Fifth Amendment claim is without merit and frivolous.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Revels' Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 30th day of September 2008.

                                           **S/ G. MALLON FAIRCLOTH**
                                           **UNITED STATES MAGISTRATE JUDGE**